IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| AMERICAN TECHNOLOGY SERVICES, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION 1:05CV802(JCC) ) |
| UNIVERSAL TRAVEL PLAN, INC. | ) ) |
| Defendant. | ) |

This matter comes before the Court on Defendant Universal Air Travel Plain, Inc.'s Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the following reasons, the Court will deny Defendant's Motion to Dismiss, stay this case for 30 days, and order a settlement conference before a Magistrate Judge.

## I.  Background

On July 15, 2004, Plaintiff American Technology Services, Inc. ("ATS") entered into a Development Agreement (the "Agreement") with Universal Air Travel Plain, Inc. ("UATP") by which ATS agreed to develop and install a computer system (the "System") for UATP in exchange for $115,000.  The Agreement included a list of project requirements which was subsequently amended in August and again in October 2004.  In accordance with a schedule set forth in the Agreement, ATS was to be paid based upon project milestones, many of which required acceptance by UATP of deliverables produced by ATS.

ATS claims that UATP has unreasonably withheld or delayed its acceptance of the System and refused to pay ATS the fees due under the Agreement.  In its two-count Complaint,[1] ATS claims breach of express contract (Count I) and breach of implied contract (Count II).

Paragraph 20 of the Agreement (the "Dispute Resolution Provision") states:

> Any disputes arising between the parties under this Agreement shall be resolved as follows.  The parties shall first attempt to resolve the issue(s) in dispute by elevating such to each company's CEO.  The CEO's [sic] will use best efforts to resolve any disputed issue(s) within five (5) calendar days.  If the CEOs fail to resolve the issue(s) within the prescribed timeframe, the parties shall submit to mediation by an outside, neutral party elected jointly by [ATS] and UATP, who has expertise in development agreement dispute matters.  The cost for such mediator shall be divided equally between the parties.  In the event that one of the parties disagrees with, or refuses to, abide by the ruling of the mediator, then that party may resort to resolve the matter through the courts sitting in the jurisdiction of the other party (i.e., where the other party's headquarters is located).

(Pl.'s Opp'n, Ex. A ¶ 20).

UATP argues that the because the Dispute Resolution Provision requires mediation as a precondition to filing suit, the Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

[1] ATS filed a Motion for Judgment in the Circuit Court for the County of Fairfax, Virginia on May 17, 2005.  UATP filed a notice of removal to this Court on June 21, 2005.  The Motion for Judgment will be referred to as the Complaint for purposes of this Memorandum Opinion.

ATS claims that its CEO attempted to contact UATP's CEO to resolve the parties' dispute and/or to discuss obtaining a mediator to resolve this matter, but that UATP has refused to communicate with ATS to resolve the dispute or to choose an appropriate mediator.  (Compl., ¶ 19-20).  Therefore, ATS alleges that it had no choice but to file the instant suit.  (Id).

UATP counters that it made attempts to comply with the Dispute Resolution Provision, but did not receiv a response from ATS.  UATP has submitted a July 1, 2005 letter from counsel for UATP to counsel for ATS requesting ATS's compliance with the Dispute Resolution Provision.  (Def.'s Mem. Supp., Ex. A).  UATP claims it never received a response.

In short, both parties claim that they have made attempts to comply with the Dispute Resolution Provision, but that the other side has been uncooperative.  ATS claims that if it failed to comply with the Dispute Resolution Provision, its failure was due to the conduct of UATP.  ATS argues that even if its compliance with the Dispute Resolution Provision was a prerequisite to filing suit, its offer of performance and subsequent rejection by UATP is the functional and legal equivalent of fully complying with the mediation provision.  ATS also argues that its claim for breach of implied contract is not barred by the mediation provision of the Development Agreement,

because the claim is not based on the Agreement, but on an implied contract between the parties.

## II.  Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint, *see Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994), and should be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *De Sole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991) (citations omitted); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In passing on a motion to dismiss, "the material allegations of the complaint are taken as admitted." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Moreover, "the complaint is to be liberally construed in favor of plaintiff." *Id*. In addition, a motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.

## III.  Analysis

Based on the Dispute Resolution Provision's wording, compliance with the Dispute Resolution Provision is a condition precedent to filing suit.

The Dispute Resolution Provision does not mention arbitration. Nevertheless, because the contract involves interstate commerce[2] and "manifests the parties' intent to provide an alternative method to 'settle' controversies arising under the [Agreement]," the Dispute Resolution clause fits within the definition of arbitration. *See Mortimer v. First Mount Vernon Indus. Loan Ass'n*, 2003 U.S. Dist. LEXIS 24698 at *6 (D. Md. 2003)(citing *CB Richard Ellis, Inc. v. Am. Envtl. Waste Mgmt.*, 1998 WL 903495, at *2 (E.D.N.Y. Dec. 4, 1998)(finding mediation to fall within the Federal Arbitration Act's definition of arbitration); *AMF, Inc. v. Brunswick Corp.*, 621 F. Supp. 456 (E.D.N.Y. 1985)). Accordingly, the Federal Arbitration Act, 9 U.S.C. §§ 1-15 ("FAA"), governs this dispute.

> The primary substantive provision of the FAA, § 2, declares that a written agreement to arbitrate 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.' 9 U.S.C. § 2. As a result of this federal policy favoring arbitration, 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.' *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)(emphasis added).

*Patten Grading & Paving, Inc. v. Skanska United States Bldg., Inc.*, 380 F.3d 200, 204 (4th Cir. 2004).

---

[2] Specifically, the Agreement was for the installation of a computer by a company located in Virginia for a company located in Washington, D.C.

Both parties claim that they sought to resolve this dispute in accordance with the Dispute Resolution Provision, but were prevented from doing so by the other side. The Court is unable to determine from the pleadings the extent to which the parties attempted to comply with the Dispute Resolution Provision. Because this case is still in the very early stages of litigation, there is little prejudice to either side if the Court stays the case to give the parties an opportunity to comply with the terms of the Dispute Resolution Provision.

### IV. Conclusion

Until mediation is completed, the condition precedent for the initiation of this suit is not met. Nevertheless, the Court is unable to determine whether either side has tried in good faith to comply with the Agreement's Dispute Resolution Provision or which side, if any, has been unresponsive to the opposing party's efforts. Accordingly, the Court will deny Defendant's Motion, stay the case for 30 days, and order that the parties appear before a Magistrate Judge for a settlement conference in the interim. An appropriate Order shall issue.

August 8, 2005                              /s/
Alexandria, Virginia              James C. Cacheris
                                  UNITED STATES DISTRICT COURT JUDGE